**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KWAME MATHEWS,         CASE NO. 16-cv-10653

    *Plaintiff*,

                              DISTRICT JUDGE THOMAS L. LUDINGTON
v.                             MAGISTRATE JUDGE PATRICIA T. MORRIS

GEORGE BUSH,

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Plaintiff's complaint **(Doc. 1)** be *sua sponte* **DISMISSED without prejudice** for lack of subject matter jurisdiction with leave to amend. It is recommended that Plaintiff be granted thirty days to file an amended complaint that cures his pleading deficiencies. It is further recommended that Plaintiff's motion for expedited processing **(Doc. 2)** be **DENIED AS MOOT**.

**II.  REPORT**

    **A.  Introduction**

Plaintiff Kwame Mathews is a prisoner currently held at Rochester Federal Medical Center in Rochester, Minnesota. (Doc. 8). On February 18, 2016, Mathews filed the instant complaint in which he alleges that his former criminal defense attorney, Defendant George Bush, rendered services in a negligent manner constituting legal malpractice. (Doc. 1). Plaintiff applied for and was granted *in forma pauperis* status (IFP) on March 28, 2016. (Doc. 9.) He seeks damages in the amount of $500,000.00, a finding that "the variety of counsel provided

for in the USCA 6th amendment ws [sic] not provided for Mathews," along with any other relief the Court finds proper. (Doc. 1 at 4).

### B.     Federal Diversity Jurisdiction

Mathews alleges that this Court has jurisdiction over his claims pursuant to diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1). (Doc. 1 at 1). Specifically, he asserts that he "is located out of state and the accsued [sic] resides [in Michigan]." (Doc. 1 at 1). Mathews' civil cover sheet records that he was located the Elkton Federal Correctional Institution in Lisbon, Ohio at the time he filed his complaint. (*Id.* at Civil Cover Sheet).

Federal district courts are courts of limited jurisdiction, "possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). The party invoking federal jurisdiction bears the burden of establishing the district court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts also have an "independent duty to examine the basis of [their] jurisdiction regardless of whether the parties have briefed the issue." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 620 (6th Cir. 2007).

Diversity jurisdiction exists where all plaintiffs are citizens of a different state than all defendants, and where the amount in controversy is at least $75,000.00. 28 U.S.C. §1332(a). Diversity of citizenship is determined at the time the action is filed. *See Pilling v. Virginia Property & Cas.*, 95 F. App'x 126, 128 (6th Cir. 2004). For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). "To acquire a domicile

within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Prisoners are presumed to retain their pre-incarceration domicile, regardless of where they are imprisoned, unless and until the prisoner manifests intent to change his domicile. *See Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *Tucker v. U.S. Bank, N.A.*, No. 1:13 CV 1260, 2014 WL 1224362, at *3 (N.D. Ohio Mar. 24, 2014) ("Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute.").

Mathews makes no effort to establish his location of domicile whatsoever. His complaint offers no detail about his domicile prior to his incarceration in federal prison; his claim for diversity jurisdiction instead rests solely on his assertion that he "is located out of state." (Doc. 1 at ¶4). Yet, as noted, merely being imprisoned in another state does not effect a change in domicile. Where the party invoking federal diversity jurisdiction fails to establish diverse citizenship, and no other basis for federal jurisdiction exists, the complaint "must be dismissed." *Flint v. Hewlett-Packard Co.*, No. 3:10-CV-597-S, 2011 WL 3844193, at *6 (W.D. Ky. Aug. 30, 2011).

### C. Federal Question Jurisdiction

Mathews does not allege the existence of any other bases for federal jurisdiction in this matter. Nevertheless, he makes a few brief references the Sixth Amendment to the United States Constitution. Given his *pro se* status, the Court will liberally construe his complaint and consider whether federal question jurisdiction exists to hear his complaint. *See Erickson v.*

3

*Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (quotation omitted).[1] Mathews asserts that Bush's "deficient performance depriv[ed] Mathews of 6th amendment (USCA) variety counsel," and that, but for Bush's ineffective assistance, "[t]he outcome would have been different and Mathews would have either received a more favorable plea offer or priors would have been excluded from usage or both." (Doc. 1 at ¶13). Mathews also lists "interference with 6th Amendment USCA rights" as one of his causes of action, asserting that Bush's "[s]hoddy involvement" prevented Mathews from "being able to seek and procure competent assistance," resulting in an increased sentence. (*Id*. at ¶¶ 15-18). Mathews asks for monetary relief in addition to "[a] finding that the variety of counsel provided for in the USCA 6th amendment ws [sic] not provided for Mathews in the person and variety of legal representation of GEORGE BUSH and his Practice." (*Id*. at ¶31). These statements comprise Mathews' only references to federal law, or to any cause of action which could implicate federal question jurisdiction.

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As with diversity jurisdiction, the party invoking federal question jurisdiction bears the burden of establishing the court's authority to hear the case. *See Kokkonen*, 511 U.S. at 377. The Sixth Amendment to the United States Constitution provides, in relevant part, that persons prosecuted for crimes "shall enjoy the right . . . to have the Assistance of Counsel for [their] defense." U.S. Const.

---

[1] The Court could properly end its inquiry here, because "[a]lthough a pro se plaintiff's pleadings are to be construed liberally . . . it is not the Court's function to read a federal question into a pleading that does not allege one." *Song v. Bush*, No. 10-14533, 2011 WL 3501755, at *2 (E.D. Mich. Aug. 10, 2011). The Court nevertheless discusses Mathews' claim for the purpose of completeness and finality.

4

amend. VI. This assistance "must be effective." *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985). Where a prisoner convicted of a federal crime wishes to challenge the effectiveness of the counsel he received at trial, the appropriate vehicle for raising that claim is a collateral attack under 28 U.S.C. § 2255. *See United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002). The proper respondent in such an action would be the United States of America, and none of Mathews' private actions against Bush could be joined. *See Mugan v. McGuire Law Firm, P.C.*, No. C 06-3054-MWB, 2007 WL 1385364, at *1 (N.D. Iowa May 8, 2007). Yet this action is not raised under 28 U.S.C. § 2255, and Mathews does not appear to be challenging the duration or fact of his confinement.

The denial of effective assistance under the Sixth Amendment is entirely separate from a private right of action against the ineffective attorney. *See Hudson v. Smith*, No. 3:11-CV-00040, 2011 WL 161769, at *1 (M.D. Tenn. Jan. 19, 2011) ("Sixth Amendment restrains only governments, not private individuals."). Citizens complaining of the "deprivations of rights secured by the Constitution and laws of the United States" may seek their relief through 42 U.S.C. § 1983 "when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (citing 42 U.S.C. § 1983). It is well settled that defense attorneys, whether obtained privately, appointed by the state or federal government, or employed by a public defender's office, do not act under color of state law insofar as they represent criminal defendants. *See Polk Cty. v. Dodson*, 454 U.S. 312, 321 (1981) (holding that public defenders, acting in defense of the accused, did not act under color of state law). Similarly, attorneys

5

appointed by federal courts to represent defendants are not federal actors for purposes of an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002). Mathews thus has no claim against Bush for his alleged violations of Mathews' Sixth Amendment Rights. *Davis v. Goss*, No. CIV.A.6:09-257-DCR, 2010 WL 1872871, at *9 (E.D. Ky. May 10, 2010) ("Therefore, a Sixth Amendment civil rights action cannot be maintained against an appointed lawyer, even one employed by the federal government, because he does not act under color of federal law.").

### D. Mathews' Motion for Expedited Processing

On February 18, 2016, Mathews submitted a "Motion for Expedited Processing and Setting For Trial Per FRCP 1 & 2 & Trial Rights." (Doc. 2). In that motion he requests that the Court set his trial for "expedited processing," and specifically seeks that his case be set "for a 1-3 day trial . . . to start within 60-90 days from the date of submission of this Motion." (*Id*.). Because the Court recommends dismissal of Mathews' complaint for lack of subject matter jurisdiction, his motion for expedited processing ought to be denied as moot. *See Ma v. Rice*, No. 08-CV-14008, 2009 WL 160288, at *7 (E.D. Mich. Jan. 22, 2009) (holding that "no further consideration [of pending motions] is necessary" where the court lacks subject matter jurisdiction, thus all pending motions were moot).

### E. Conclusion

Accordingly, it is recommended that Plaintiff's complaint be *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction with leave to amend. It is recommended that Plaintiff be granted thirty days to file an amended complaint that cures his

pleading deficiencies. It is further recommended that Plaintiff's motion for expedited processing be denied as moot.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(2)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in

the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 10, 2016                         S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Kwame Mathews #50234039 at Rochester Federal Medical Center, Inmate Mail/Parcels, P.O. Box 4000, Rochester, MN 55903.

Date: June 10, 2016                         By s/Kristen Krawczyk
                                            Case Manager