UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KWAME AMIN MATHEWS,

        Plaintiff,                          Case No. 16-cv-10653

v.                                              Honorable Thomas L. Ludington
                                                   Magistrate Judge Patricia T. Morris

GEORGE BUSH,

        Defendant.

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR EXPEDITED PROCESSING**

Plaintiff Kwame Matthews is a prisoner currently held at Rochester Federal Medical Center in Rochester, Minnesota. ECF No. 8. On February 18, 2016, Matthews filed a complaint alleging that his former criminal defense attorney, Defendant George Bush, engaged in legal malpractice by negligently representing Matthews. ECF No. 1. On the same day, Matthews also filed a motion requesting that his trial be set for expedited processing. ECF No. 2.

On June 10, 2016, Judge Morris issued a report recommending that Matthews' complaint be dismissed without prejudice for lack of subject matter jurisdiction. *See* Rep. & Rec. 2–6, ECF No. 10. Matthews' complaint does not allege that complete diversity exists because it does not establish his state of domicile. *Id.* at 3. Likewise, Matthews' complaint does not allege the existence of federal question jurisdiction. *Id.* at 3–6. Private causes of action against an ineffective attorney do not arise under federal law, and Matthews' references to his constitutional rights do not state a cause of action. *Id.* Judge Morris further recommended that Matthews'

motion for expedited processing be denied as moot because the underlying suit lacks subject matter jurisdiction. *Id.* at 6.

Matthews' claims under the Sixth Amendment would satisfy federal question jurisdiction. But to the extent Matthews' constitutional claim asserts a 42 U.S.C. § 1983 action against his attorney for deprivation of rights secured by the Constitution or federal laws, there is no federal claim because Matthews' attorney was not acting under color of state law. *See Polk City v. Dodson*, 454 U.S. 312, 321 (1981). To the extent Matthews' constitutional claim directly asserts that his Sixth Amendment right to counsel was denied at trial, there is no claim because when convicted criminal defendants wish to challenge the effectiveness of their trial counsel, those claims should be brought in a collateral action under 28 U.S.C. § 2255. *See United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002). Matthews has filed a § 2255 action alleging that his trial counsel was ineffective; those claims shall be resolved in that action. *See* Criminal Case No. 1:14-cr-20427. In either alternative, Matthews does not state a cause of action and his constitutional claim will be dismissed with prejudice.[1]

Although the Magistrate Judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendant filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

---

[1] Although Judge Morris recommends that Matthews' entire complaint be dismissed without prejudice, Judge Morris also explains that Matthews' Sixth Amendment claim do not state a cause of action. Accordingly, Judge Morris' analysis of Matthews' complaint is adopted in full. To the extent the report recommends dismissing the entire case without prejudice, it will be rejected as to Matthews' Sixth Amendment claim. The report's recommendation that the remainder of the complaint be dismissed without prejudice is adopted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 10, is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff Kwame Matthews' claim asserting Sixth Amendment violations, ECF No. 1 at 3, is **DISMISSED with prejudice**.

It is furthered **ORDERED** that Plaintiff Kwame Matthews' remaining claims, ECF No. 1, are **DISMISSED without prejudice**.

It is further **ORDERED** that Plaintiff Kwame Matthews' motion for expedited processing, ECF No. 2, is **DENIED as moot**.

It is further **ORDERED** that if Plaintiff elects to appeal this decision, he may not proceed without prepayment of fees and costs because any appeal would be frivolous and not in good faith. *See* 28 U.S.C. §1915 (a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 10, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2016.

s/Johnetta Curry
Johnetta Curry, Acting in the Absence of
Michael A. Sian, Case Manager